**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                              **CASE NO. 8:06-CV-190-T-17MSS**

vs.

**ROSE N. BILAL,**

        **Defendant,**

_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Plaintiff's motion for summary judgment (Docket No. 9) pursuant to Rule 56 of the Federal Rules of Civil Procedure. Although given the opportunity, the Defendant failed to respond to the motion. The following facts are undisputed and are, therefore, the established facts in this case.

**STATEMENT OF FACTS**

Defendant executed a Florida Application/Promissory Note, on November 11, 1987. This Promissory Note was for an Auxiliary Loan and Loan Guarantee in the amount of $4,000.00 from Florida Federal Savings and Loan Association. (Exhibit A.). This loan was guaranteed by the Florida Department of Education and reinsured by the United States Department of Education (Education). (Docket No. 1. Exhibit A.). Subsequently, Defendant

1

defaulted on her loan obligation, and the holder filed a claim with the guaranty agency. (Docket No. 1. Exhibit A.). The guaranty agency was unable to collect the money, and as a result all right, title and interest in the loan was assigned to Education on December 2, 1999. (Docket No. 1. Exhibit A.). As of October 25, 2005, after application of all payments received, Defendant still owes United States $4,957.74, plus any interest accrued at the rate of $.74 per day. (Docket No. 1. Exhibit A.).

On February 2, 2006, the United States filed a Complaint seeking to turn Defendant's defaulted student loan to judgment. (Docket No. 1.). Defendant answered this complaint on February 24, 2006, admitting that she had borrowed $4,000.00 from Federal Savings and Loan Association to finance her educational program at Tampa Bay Technical Institute. However, Defendant also asserts that requiring repayment of this debt would be unfair and would cause her extreme hardship. (Docket No. 8.).

## STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. The Miller Brewing Co.,** 708 F. 2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996- 7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co**., 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct 2548, (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. The Court is satisfied that no factual dispute remains which precludes summary judgment.

### DISCUSSION

In the present case, Plaintiff has established a prima facie case by introducing the actual Promissory Note, Exhibit A (Docket No. 1), which Plaintiff signed, as well the Certificate of Indebtedness (Docket No. 1). Having established a prima facie case, case law mandates that the burden now shift to the defendant to "prove the nonexistence or extinguishment of the debts or a variance in the payment of the obligations." **United States v. Irby,** 517 F.2d at 1043.

Defendant has admitted to borrowing a $4,000.00 loan from Florida Federal Savings and Loan Association to finance her education program, but only argues that forcing her repay that debt would be "unfair and would cause extreme hardship." (Docket No. 8). Defendant has not raised any valid defenses to the entry of judgment against her. Nor has defendant provided any "depositions, answers to interrogatories, and admissions on file" to show there is a specific genuine

issue for this case to go to trial.  Defendant has not met her burden, and therefore as a matter of law, the Plaintiff is entitled to the judgment against the Defendant. Accordingly, it is

      **ORDERED** that Plaintiff's motion for summary judgment (Docket No. 9) is **granted**; it is further

      **ORDERED** that the Clerk of District Court is directed to enter Judgment for the Plaintiff and against the defendant in the amount of $4,957.74 plus accruing interest at $.74 per day and to close this case.

      **DONE AND ORDERED** in Chambers, in Tampa, Florida, this 26th of September 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

**Copies to:**
**All parties and counsel of record.**